UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN FRUGE and MICHAEL HARRIS, on behalf of themselves and all others similarly situated, | CIVIL ACTION NO. |
| | SECTION: |
| Plaintiffs, | MAGISTRATE: |
| -against- | COLLECTIVE ACTION |
| PAT O'BRIEN'S BAR, INC. and SHELLY OECHSNER WAGUESPACK, | |
| Defendants. | |

* * * * * * * * * * *

**COMPLAINT**

**JURY TRIAL DEMANDED**

**NOW INTO COURT**, comes Plaintiffs Steven Fruge ("Fruge") and Michael Harris ("Harris") (collectively referred to herein as "plaintiffs"), on behalf of themselves and all others similarly situated, complaining of defendants Pat O'Brien's Bar, Inc. and Shelly Oechsner Waguespack ("Waguespack") (collectively referred to herein as "defendants"), who respectfully allege as follows:

**NATURE OF THE ACTION**

1.  This action arises out of defendants' failure to pay minimum wage and overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), conversion and unjust enrichment for misappropriation of tips under Louisiana Civil Code Article 2315 ("La. Civ. Code Art. 2315") and Article 2298 ("La. Civ. Code Art. 2298") respectively, and unlawful deductions under Louisiana Revised Statute 23:635 ("La. Rev. Stat. 23:635").

2.  Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum wages and overtime pay, unpaid tips,

unlawful deductions, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, La. Rev. Stat. 23:632 and 23:635, and La. Civ. Code Art. 2315 and 2298.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the La. Civ. Code Art. 2315 and 2298, and La. Rev. Stat. 23:635 pursuant to 28 U.S.C. §1367.

## VENUE

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391, as the location of Pat O'Brien's bar is in the Eastern District of Louisiana.

## THE PARTIES

**Plaintiffs**

5. Steven Fruge resides in Metairie, Louisiana. Fruge has been employed as a bartender at Pat O'Brien's bar in New Orleans from in or about March 2008 through the present.

6. Michael Harris resides in Metairie, Louisiana. Harris worked as a drink waiter at Pat O'Brien's bar in New Orleans from in or about February 2010 to February 2011, and has worked there as a bartender from April 2011 through the present.

**Defendants**

7. Defendant Pat O'Brien's Bar, Inc. is a Louisiana corporation that owns and operates Pat O'Brien's, one of the oldest and most popular bars in New Orleans and famous for inventing the "Hurricane" cocktail. Pat O'Brien's is located in the French Quarter, and is split into two entrances, one located at 718 St. Peter Street, New Orleans, Louisiana 70116 ("St. Peter's Side") and another at 624 Bourbon Street, New Orleans,

Louisiana 70116 ("Bourbon Side").  Pat O'Brien's also has franchises located in Orlando and San Antonio, two restaurants in New Orleans, an online catalog and a bottling plant.

8. For over 30 years, Pat O'Brien's has prepared and served alcoholic beverages to local and tourist clientele.  Its motto, engraved on its signature Hurricane glasses, is "Have Fun!"  Today, Pat O'Brien's hosts customers in an expansive space, measuring approximately 80,000 square feet.  The St. Peter's Side consists of four bars and the Bourbon Side consists of two bars.  Pat O'Brien's employs approximately one hundred employees, of which five are managers and seven are assistant managers.

9. At all times relevant to this action, Pat O'Brien's was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant Pat O'Brien's has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

10. Defendant Shelly Oechsner Waguespack is the president and principal owner of Pat O'Brien's and is sued individually in her capacity as an owner, officer and/or agent of Pat O'Brien's.  Waguespack exercises sufficient control over Pat O'Brien's operations to be considered plaintiffs' employer and/or joint employer under the FLSA, has the authority to hire, fire, and discipline employees, sets and controls payroll, and is on Pat O'Brien's premises on a regular basis.

11. At all times relevant to this action, managers and/or assistant managers of the defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the defendants ratified, embraced, and added to their conduct.

12. At all times relevant to this action, defendants had knowledge of the unlawful actions complained about herein, might have prevented the actions which caused the plaintiffs' damage, and did not do so. Thus, defendants are answerable for the offenses committed by their managers and/or assistant managers in the course of their employment pursuant to La. Civ. Code Art. 2320.

## COLLECTIVE ACTION ALLEGATIONS

13. The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons (*i.e.* the bartenders at Pat O'Brien's bar in New Orleans) who were employed since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

14. The FLSA Collective consists of approximately forty similarly situated current and former bartenders of Pat O'Brien's, who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages and other pay and unlawfully retaining their tips.

15. As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and committing conversion of their tips. This policy and pattern or practice includes, *inter alia,* the following:

   a. failing to keep accurate records of hours worked by employees as required by the FLSA and La. Rev. Stat. 23:14;

   b. failing to keep accurate records of tips received by bartenders;

   c. failing to provide advance notice that the tip credit was going to be applied;

   d. failing to pay employees the statutory minimum wage for actual hours worked;

e. failing to pay employees the appropriate overtime rate for all time worked in excess of forty hours per week;

f. depriving the bartenders of tips that they earned; and

g. making unlawful deductions from employees' wages.

16. Defendants, jointly and severally, have been unjustly enriched by the implementation of these illegal pay practices.

17. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

18. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiffs and the FLSA Collective.

19. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. The FLSA Collective employees are known to Pat O'Brien's, are readily identifiable, and locatable through Pat O'Brien's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**FAILURE TO PAY MINIMUM WAGE AND MISAPPROPRIATION OF TIPS**

20. The FLSA requires that employers pay all non-exempt employees a statutory minimum wage. An employer is permitted to take a "tip credit" towards its minimum wage obligation, provided, *inter alia,* that tipped employees are informed in advance that the tip credit will be applied and provided that the tipped employees are permitted to retain all the tips they receive.

21. From July 24, 2009 to the present, the federal minimum wage has been $7.25 per hour.

22. Fruge has been employed as a bartender at the New Orleans location of Pat O'Brien's from in or about March 2008 through the present.

23. Fruge's duties and responsibilities include, but are not limited to, taking customer drink orders, preparing and serving alcoholic beverages, cleaning and stocking the bar, and working private parties.

24. Throughout his employment at Pat O'Brien's, Fruge has been paid an hourly wage of $5.25.

25. Harris has worked as a bartender at the New Orleans location of Pat O'Brien's from April 2011 through the present.

26. Harris' duties and responsibilities include, but are not limited to, taking customer drink orders, preparing and serving alcoholic beverages, cleaning and stocking the bar, and working private parties.

27. Throughout his employment with Pat O'Brien's, Harris has been paid an hourly wage of $5.25.

28. Defendants did not provide advance notice to plaintiffs and the FLSA Collective that the tip credit would be applied.

29. Because defendants failed to provide lawful notice in regard to the tip credit, defendants improperly applied the tip credit allowance that is available under the FLSA.

30. By law, by intention of the customers, and by agreement between defendants and their bartenders, the tips given by customers to the bartenders at Pat O'Brien's were the property of the bartenders.

31. Customer tips directed to the bartenders at Pat O'Brien's, however, were not given in their entirety to the bartenders to whom they were given.

32. Although defendants took a "tip credit" so they could pay plaintiffs and the FLSA Collective less than $7.25 per hour in wages, defendants' managers retained a significant portion of cash and credit card tips.

33. By retaining a portion of the tips, defendants lost their privilege, under the FLSA, of applying the tip credit to satisfy the minimum wage requirement.

34. Defendants have a written policy in their employee manual that prohibits bartenders from cashing in their own tips. Managers have also stated to plaintiffs that bartenders are not permitted to count their own tips and that any employees caught counting their own tips may be subject to discipline.

35. During each shift, pursuant to Pat O'Brien's policy, a manager counts the bartenders' cash tips that have been collected and pooled into tip buckets.

36. The cash tips are counted by a manager multiple times a day, sometimes twice an hour, at all six bars. It is counted in plain view of Pat O'Brien's employees and customers.

37. When Pat O'Brien's managers Charles Bateman ("Bateman"), Spencer Theod ("Theod"), and Cheryl Snow ("Snow") count the bartenders' tips, they routinely retained a significant portion of the tips. After counting the tips, each of these managers will return a much smaller amount into each tip bucket, typically only forty dollars, and keep the remainder of the tips.

38. The tips that are taken by Bateman, Theod, and Snow are not distributed to other tipped employees.

39. The managers do not serve customers and are not employees that customarily and regularly receive tips.

40. Upon information and belief, Bateman, Theod, and Snow are the only managers that retain tips from the bartenders.

41. As a result, the amount of tips plaintiffs earn during shifts that are supervised by Bateman, Theod, and Snow are noticeably and significantly lower than the amount of tips they make during shifts in which they are supervised by other managers.

42. One instance occurred on October 12, 2014, where manager Chad Martin ("Martin"), who was the manager for the opening shift, counted $140.00 total in cash tips and told Harris the amount prior to Spencer arriving for the closing shift. Three hours later, Spencer counted the cash tips and distributed only $140.00 to the bartenders at the end of the day- despite the fact that the amount of tips had increased in the time since Martin counted the tips.

43. Further, the managers at the Bourbon Side of Pat O'Brien's do not retain any of plaintiffs' tips. Thus, plaintiffs, and the FLSA Collective, receive a much higher amount of tips when they work at the Bourbon Side than when they work at the St. Peter's Side, where Bateman, Theod, and Snow work.

44. The tips that are not retained by Bateman, Theod, and Snow are pooled between the bartenders that are on duty at the St. Peter's side and distributed equally to the bartenders prior to the end of their shift.

45. Defendants also retain a large portion of plaintiffs' credit card tips and refuse to show plaintiffs reports which show the amount of credit card tips that are earned per shift.

46. One instance when this occurred was in September 2013, when Harris received a tip of $40.00. Because it was a tip of over 100% of the client's bill, Harris immediately notified Snow, the manager on duty. At the end of Harris' shift, Snow never gave him the $40 tip, and denied that was the amount he gave her. When Harris asked to see the credit card report, Snow stated that she had closed the register and she could no longer show him the report.

47. As a result of these pay practices, throughout plaintiffs' employment with Pat O'Brien's, defendants have retained approximately $600 to $1000 per week in tips that are due to each plaintiff and to the FLSA Collective.

48. Defendants, jointly and individually, have thus been unjustly enriched by their unlawful actions.

49. These unlawful practices are open and notorious to all Pat O'Brien's management and staff. Upon information and belief, these pay practices have been in place at Pat O'Brien's for over thirty years, and were implemented by Bateman in his capacity as General Manager of Pat O'Brien's.

50. Plaintiffs have complained to different managers about Bateman, Theod, and Snow taking their tips. All of the managers plaintiffs have complained to have acknowledged their awareness of defendants' tip theft, but have refused to take remedial action in fear of being retaliated against and/or losing their jobs.

## FAILURE TO PAY OVERTIME PAY

51. The FLSA requires that employers pay all non-exempt tipped employees one and one-half (1 ½) times their regular rate for all hours worked in excess of forty during any workweek.

52. During peak season, which usually spans from the end of December to June ("peak season"), plaintiffs and the FLSA Collective regularly work in excess of forty hours and do not receive proper overtime compensation.

53. Throughout his employment with Pat O'Brien's, Fruge has typically worked Wednesday and Thursday, 7:00 p.m. to 2:00 a.m.; Friday and Saturday, 12:00 p.m. to 8:00 p.m.; and Sunday 5:00 p.m. to 2:00 a.m. During peak season, Fruge has often worked forty to sixty hours per week.

54. Throughout his employment with Pat O'Brien's, Harris has typically worked Monday, 5:00 a.m. to 12:00 a.m.; Wednesday, 6:00 p.m. to 1:00 a.m.; Thursday, 5:00 p.m. to 1:00 a.m.; Friday, 5:00 p.m. to 2:00 a.m.; and Saturday, 12:00 a.m. to 8:00 p.m. During peak season, Harris has often worked forty to sixty hours per week.

55. For hours worked over forty, defendants utilize the tip credit to pay plaintiffs a reduced overtime hourly rate of $8.88.

56. Because defendants retain a portion of the tips of plaintiffs and the FLSA Collective and have not given proper notice of the tip credit provisions to its bartenders, defendants are not eligible to use the tip credit to satisfy the statutory minimum wage or to pay overtime on a reduced hourly rate.

57. As such, plaintiffs and the FLSA Collective should have been paid one and one-half the full minimum hourly wage for all hours worked over forty.

58. Defendants failed to pay plaintiffs, and the FLSA Collective, the full overtime wages to which they were entitled to under the FLSA.

## UNLAWFUL DEDUCTIONS

59. It is the policy of defendants to make deductions from the bartenders' wages to pay for mistakes (eg., wrong change given to a customer) and customer walkouts.

60. For example, customers are permitted to return souvenir glasses they purchase at Pat O'Brien's and receive a refund of $3 per glass. On one occasion on or about October 2013, a customer who returned approximately twenty souvenir glasses alleged that Harris did not give him the full amount of refund for the glasses. In response to this false complaint, Theod took twenty dollars out of the bartenders' tip bucket and gave it to the customer.

61. Defendants also deduct from the bartenders' tips if the register is short money. The difference is split between all of the bartenders on shift.

62. These types of unlawful deductions were applied to plaintiffs and the FLSA Collective.

## FAILURE TO KEEP ACCURATE TIME RECORDS

63. During the period of plaintiffs' employment, defendants failed to keep true and accurate records of the daily and weekly hours worked by, and of the tips and wages paid each pay period to plaintiffs and the FLSA Collective as required by FLSA and La. Rev. Stat. 23:14.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

64. Plaintiffs repeat and reallege paragraphs 1 through 63 as if fully set forth herein.

65. Defendants are employers and/or joint employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed plaintiffs and the FLSA Collective.

66. Defendants were required to pay to plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

67. Defendants failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

68. Defendants are not entitled to reduce the minimum wages of plaintiffs and the FLSA Collective by applying the tip credit allowance that is available under the FLSA because, *inter alia*:

    a. defendants were required to but failed to inform plaintiffs and the FLSA Collective in advance that the tip credit was going to be applied; and

    b. made unlawful deductions from the FLSA Collective, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

69. Defendants failed to keep a true and accurate record of the name, address, and occupation of each person employed by them, of the daily and weekly hours worked by, and of the wages paid each pay period to each employee in violation of the FLSA and La. Rev. Stat. 23:14.

11

70. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

71. As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

72. Plaintiffs repeat and reallege paragraphs 1 through 71 as if fully set forth herein.

73. Defendants are required to pay plaintiffs and the FLSA Collective one and one-half (1½) times their regular rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

74. Defendants have failed to pay plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

75. By retaining a portion of the tips of plaintiffs and the FLSA Collective, defendants lost their privilege, under the FLSA, of using the tip credit to satisfy the minimum wage.

76. Defendants unlawfully utilized a tip credit to pay plaintiffs and the FLSA Collective a reduced hourly rate for all hours worked over forty.

77. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs and the FLSA Collective their full overtime wages.

78. Due to defendants' violations of the FLSA, plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (La. Civ. Code Art. 2315- Conversion)

79. Plaintiffs repeat and reallege paragraphs 1 through 78 as if fully set forth herein.

80. Defendants intentionally interfered with and exercised dominion and control over tips that plaintiffs and the FLSA Collective had the legal right to possess.

81. As a result of defendants' violations of the La. Civ. Code Art. 2315, plaintiffs and the FLSA Collective are entitled to recover their unpaid tips, costs of the action, and pre-judgment and post-judgment interest pursuant to La. Civ. Code Art. 2315.

### FOURTH CLAIM
### (La. Rev. Stat. 23:635- Unlawful Deductions)

82. Plaintiffs repeat and reallege paragraphs 1 through 81 as if fully set forth herein.

83. La. Rev. Stat. 23:635 prohibits employers from assessing any fines against their employees or deducting any sum as fines from their wages, unless as permitted by law.

84. Defendants unlawfully made deductions from the pay of the FLSA Collective as fines to pay for mistakes (eg., wrong change given to a customer), cash register shortages, and customer walkouts.

85. Defendants' knowing and intentional demand and retention of a portion of the FLSA Collective's wages were willful violations of La. Rev. Stat. 23:635.

86. As a result of defendants' willful violations of La. Rev. Stat. 23:635, plaintiffs and the FLSA Collective are entitled to recover from defendants their unpaid wages,

penalty wages, reasonable attorneys' fees, and pre-judgment and post-judgment interest under La. Rev. Stat. 23:632.

## FIFTH CLAIM
### (La. Civ. Code Art. 2298 - Unjust Enrichment)

87. Plaintiffs repeat and reallege paragraphs 1 through 86 as if fully set forth herein.

88. Additionally, and in the alternative, defendants have enriched themselves without cause as a result of withholding tips to which plaintiffs were entitled.

89. Defendants' enrichment was at plaintiffs' expense because plaintiffs would have received the money owed had the defendants not intentionally and willfully violated federal and state wage laws.

90. Plaintiffs allege unjust enrichment in the alternative to their state conversion claim for their unpaid tips.

91. As a result of defendants' willful violations of La. Civ. Code Art. 2298, plaintiffs and the FLSA Collective are entitled to recover from defendants their unpaid wages, and pre-judgment and post-judgment interest under La. Civ. Code Art. 2298.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court enter a judgment:

    a. authorizing the issuance of notice at the earliest possible time to all current and former bartenders who were employed at Pat O'Brien's bar in New Orleans during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

    b. declaring that defendants, jointly and severally, have violated the

14

minimum wage and overtime provisions of the FLSA and are liable individually and in solido;

  c. declaring that defendants, jointly and severally, have violated La. Civ. Code Art. 2315 by committing conversion of plaintiffs and the FLSA Collective's tips and are liable individually and in solido;

  d. declaring that defendants, jointly and severally, have violated the unlawful deductions provisions of La. Rev. Stat. 23:635 and are liable individually and in solido;

  e. declaring that defendants' violations of the FLSA were willful;

  f. disgorging from defendants and ordering that the defendants remit back the amount of the tips misappropriated from the wages of plaintiffs and the FLSA Collective;

  g. awarding plaintiffs and the FLSA Collective for tips which were unlawfully collected and retained by the defendants;

  h. awarding plaintiffs and the FLSA Collective damages for unpaid minimum and overtime wages;

  i. awarding plaintiffs and the FLSA Collective damages for all unauthorized deductions;

  j. awarding plaintiffs and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

  k. awarding plaintiffs and the FLSA Collective pre-judgment interest;

  l. awarding plaintiffs and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA, La. Rev. Stat. 23:632, and La. Civ. Code Art. 2298; and

  m. awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Dated: September 22, 2014

                              Respectfully submitted,

                              SUTTON, ALKER & RATHER, LLC

BY:    *s/ Michael T. Tusa, Jr.*
           Michael T. Tusa, Jr. (#02154)
           4080 Lonesome Road, Suite A
           Mandeville, Louisiana 70448
           Telephone: (985) 727-7501
           Facsimile: (985) 727-7505
           Email: mtusa@sutton-alker.com

                              -and-

                              BERKE-WEISS & PECHMAN LLP

BY:    *s/ Louis Pechman*
           Louis Pechman, Esq.
           488 Madison Avenue, 11th floor
           New York, New York 10022
           Telephone: (212) 583-9500
           Facsimile: (212) 308-8582
           Email: pechman@bwp-law.com
           *Motion to Appear *Pro Hac Vice* Pending

                              **ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------X
STEVEN FRUGE and MICHAEL HARRIS, on
behalf of themselves and all others similarly
situated,

                      Plaintiffs,

    -against-

PAT O'BRIEN'S BAR, INC., and SHELLY
OECHSNER WAGUESPACK,

                      Defendants.
------------------------------------------------------------X

CIV. NO. _____

SEC. _____

MAG. _____

## VERIFICATION

PARISH OF St. Tammany
STATE OF LOUISIANA

      BEFORE ME, the undersigned authority, personally came and appeared STEVEN FRUGE who, being by me first duly sworn, did depose and say that he has read the Complaint in the above-captioned matter and that all of the facts and allegations contained therein are true and correct to the best of his knowledge, information, and belief.

                                          _____
                                          Steven Fruge

First Witness' Signature: _____

First Witness' Printed Name: Theresa M. Bordelon

Second Witness' Signature: _____

Second Witness' Printed Name: Vicky Tate

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, THIS
22nd DAY OF SEPTEMBER 2014

_____
NOTARY PUBLIC

[Notary Seal: MICHAEL B. ALKER, NOTARY PUBLIC, NO. 24275, STATE OF LOUISIANA]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------X
STEVEN FRUGE and MICHAEL HARRIS, on
behalf of themselves and all others similarly
situated,

                         Plaintiffs,

    -against-

PAT O'BRIEN'S BAR, INC., and SHELLY
OECHSNER WAGUESPACK,

                         Defendants.
---------------------------------------------------------------X

CIV. NO. _____

SEC. _____

MAG. _____

## VERIFICATION

PARISH OF St. Tammany
STATE OF LOUISIANA

    BEFORE ME, the undersigned authority, personally came and appeared MICHAEL HARRIS who, being by me first duly sworn, did depose and say that he has read the Complaint in the above-captioned matter and that all of the facts and allegations contained therein are true and correct to the best of his knowledge, information, and belief.

                                              /s/ Michael Harris
                                              Michael Harris

First Witness' Signature: _____

First Witness' Printed Name: Therese M. Bordelon

Second Witness' Signature: _____

Second Witness' Printed Name: Vicky Tate

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, THIS
22nd DAY OF SEPTEMBER 2014.

_____
NOTARY PUBLIC



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------X
STEVEN FRUGE and MICHAEL HARRIS, on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

   -against-

PAT O'BRIEN'S BAR, INC., and SHELLY
OECHSNER WAGUESPACK,

                Defendants.
------------------------------------------------------------X

CIV. NO.

SEC. _____

MAG. _____

## CONSENT TO SUE

    I hereby consent to be a party plaintiff in the case of *Steven Fruge, et ano v. Pat O'Brien's Bar, Inc., et ano*, United States District Court, Eastern District of Louisiana. I authorize Michael T. Tusa, Jr. and the law firm Berke-Weiss & Pechman LLP, to represent me in this case.

    I wish to preserve and pursue any claim that I may have to the greatest extent possible. Therefore, I expressly consent to the use of this consent form for purposes of making me a party plaintiff in this case for my claims under the Fair Labor Standards Act and Louisiana state law.

Dated: Sept 22, 2014

Signature: /s/ Steven Fruge

Name: Steven Fruge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------X
STEVEN FRUGE and MICHAEL HARRIS, on
behalf of themselves and all others similarly
situated,

    CIV. NO.

                Plaintiffs,

  -against-

    SEC. _____

PAT O'BRIEN'S BAR, INC., and SHELLY
OECHSNER WAGUESPACK,

    MAG. _____

                Defendants.
---------------------------------------------------------------X

## CONSENT TO SUE

I hereby consent to be a party plaintiff in the case of *Steven Fruge, et ano v. Pat O'Brien's Bar, Inc., et ano*, United States District Court, Eastern District of Louisiana. I authorize Michael T. Tusa, Jr. and the law firm Berke-Weiss & Pechman LLP, to represent me in this case.

I wish to preserve and pursue any claim that I may have to the greatest extent possible. Therefore, I expressly consent to the use of this consent form for purposes of making me a party plaintiff in this case for my claims under the Fair Labor Standards Act and Louisiana state law.

Dated: Sept 22, 2014

Signature: *[signature]*

Name: Michael J. Harris