## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN FRUGE and MICHAEL HARRIS, on Behalf of themselves and all others similarly Situated<br>                Plaintiffs | CIVIL ACTION<br><br>NO. 2:14-cv-02186 |
| VERSUS | JUDGE JAY C. ZAINEY |
| PAT O'BRIEN'S BAR, INC. and SHELLY OECHSNER WAGUESPACK<br>                Defendants | MAGISTRATE S. SHUSHAN |

## **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO DISMISS CLAIMS WITH PREJUDICE**

**MAY IT PLEASE THE COURT:**

Plaintiffs, Steven Fruge and Michael Harris, opt-in Plaintiffs, Ryan Orgeron, Jeffrey Buckner, Landon Hollins, Jeremy Radcliffe, Marie Kimball, Daniel Mulvey, Adam Youngs, Stephanica Bradley, Arla Parker, Jonathan Dufresne, Patricia Fontenot, Tira Hall, Brett Crist, Craig Marx, Christy McCord, Crissy Scott, Glen Sunseri, Kara Muller and Jarret Teachworth, and Defendants, Pat O'Brien's Bar, Inc. and Shelly Oechsner Waguespack (sometimes collectively referred to as the "Parties"), submit their Memorandum in Support of their Joint Motion for Approval of Settlement and to Dismiss said claims with Prejudice as follows:

### I.   INTRODUCTION

By the contemporaneously-filed joint motion, the Parties have moved this Court to approve the settlement of the claims brought pursuant to the Fair Labor Standards Act ("FLSA") and Louisiana state law in the above-captioned matter to which the Parties and their counsel have agreed, and to dismiss the claims with prejudice. Pursuant to the FLSA, the "Court must

approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the Fair Labor Standards Act." *Collins v. Sanderson Farms (Production Divis.)*, 568 F.Supp. 2d 714, 717 (E.D. La. 2008); *see also Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982); 29 U.S.C. § 201 *et. seq.*, ("FLSA"). Because the terms of the proposed settlement agreement are "fair and reasonable," the Parties request that this Court grant their Joint Motion for Approval of Settlement and to Dismiss all claims with prejudice, all as more fully explained and set forth below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Pat O's is a well-known bar and restaurant located in the French Quarter. There are two sides to the establishment – the "Restaurant Side" and the "Bar Side." The establishment has a total of six bars that are staffed with bartenders. In addition to ordering drinks, customers on the "Restaurant Side" can also order food at either bar located on that side. Therefore, the "Restaurant Side" is also staffed with servers to assist with food and drink orders.

Plaintiffs and opt-in Plaintiffs worked as bartenders for Pat O's and are either current or former employees. Because bartenders are tipped employees, Pat O's took advantage of the "tip credit" provided for under the FLSA whereby it used a portion of the employee's tips to make up for the difference between the employee's hourly wage and minimum wage. As a result, with the exception of opt-in Plaintiff, Sunseri, all bartenders were paid $5.25 for each hour worked under 40 in a workweek and $8.87 for each hour worked over 40 in a workweek. Their tips were used to bring them up to minimum wage and the applicable overtime rate. Additionally, the bartenders participated in a "tip pool" in which bartenders working together at any of the six bars split their tips evenly at the end of a shift. Moreover, bartenders that worked on the "Restaurant Side" tipped out the servers working in those locations at the end of a shift. At varying intervals

throughout a shift, managers assigned to each bar would count tips and change out small bills for larger ones. In addition, managers would count tips at the end of each shift and divide the tips equally between the bartenders on that shift.

Fruge was hired as a bartender by Pat O's in March 2008, and Harris was hired in November 2012 as a bartender.[1] Fruge and Harris filed the instant lawsuit on or about September 23, 2014, "on behalf of themselves and all others similarly situated" alleging violations of the FLSA and Louisiana state law. Plaintiffs claimed that they and other similarly situated bartenders were not paid the proper minimum wages and overtime compensation in violation of the FLSA and that their tips were misappropriated and unlawful deductions were made from their wages in violation of Louisiana state law. As it relates to the claims under the FLSA, Plaintiffs alleged that Pat O's was prohibited from taking advantage of the "tip credit" because it failed to notify employees of its intention to utilize the tip credit as required by the FLSA. Additionally, they claimed that managers improperly participated in the tip pool, which also invalidated the "tip credit." As a result, they claim they should have been paid $7.25 per hour for straight time and $10.88 per hour for overtime compensation. They further claim Defendants failed to maintain proper and accurate records. Finally, Plaintiffs allege that managers retained a portion of their tips and that unlawful deductions were made from their wages in violation of Louisiana law. Defendants deny all allegations. Shortly after suit was filed, six other individuals consented to join the litigation.

On November 24, 2014, pursuant to 29 U.S.C. § 216(b), Plaintiffs and opt-in Plaintiffs moved for conditional certification of the claims brought under the FLSA as a collective action

---

[1] Harris was hired as a cocktail server in February 2010 but quit after approximately three weeks. He was rehired in November 2012 as a bartender.

and requested the Court approve a proposed notice to putative collective action members.[2] On February 3, 2015, the Court conditionally certified the FLSA claims as a collective action and approved a revised notice that was subsequently sent to putative collective action members. Following the dissemination of the notice, 13 other individuals consented to join the litigation. Therefore, in addition to the two named Plaintiffs, 19 other current or former employees consented to join the litigation.

Several months after suit was filed, Fruge and other opt-in Plaintiffs were terminated. Although the lawsuit was not amended to state a claim for retaliation under the FLSA, the Parties have discussed retaliation being a potential claim in this litigation. The Parties decided that they would attempt settlement to resolve all claims before amending the Complaint to state a claim for retaliation. Additionally, Plaintiffs, Fruge and Harris, filed Charges with the National Labor Relations Board. These charges were subsequently dismissed. Notwithstanding, the settlement includes all potential claims under the FLSA and the National Labor Relations Act, including unasserted claims for retaliation.

Counsel for the Parties have exchanged relevant payroll and personnel data, time records, tip sheets, policies and procedures and other records in connection with the evaluation and negotiation of settlement. A separate individualized analysis of time and payroll records was performed by the Parties' respective counsel and compared with the allegations and claims asserted by Plaintiffs. Following a live mediation session and several telephone conferences with the Magistrate Judge, during which the Parties engaged in a vigorous exchange regarding their respective claims and defenses, the Parties accepted the settlement amount recommended by the Magistrate Judge. Additionally, the Parties have reviewed video surveillance and company records to determine whether the terminations were justifiable. After review of the

---

[2] Plaintiffs did not move to certify a class action as it relates to the claims brought under Louisiana state law.


surveillance and documentation, the Parties have determined that settlement of all claims, asserted and unasserted, is most beneficial to all Parties. The Parties now seek Court approval of the settlement of the claims. The Plaintiffs wish to settle because although they believe that their claims have been asserted in good faith and have considerable merit, they also recognize that Defendants have mounted considerable defenses to liability and damages. Defendants agree to settle to avoid the cost of preparing and trying this matter which could exceed the cost of the settlement at issue. In conjunction with the settlement, the Parties have reached an agreement on the terms of a Confidential Receipt, Release and Settlement Agreement, a copy of which is attached hereto as Exhibit "A" and is filed under Seal by agreement of the Parties[3]. The Parties jointly request that the Court approve of Parties' settlement as follows:

1. All claims shall be dismissed from this action, with prejudice, each party to bear their own attorneys' fees and costs, except for as provided in Item 3, below;

2. Within fourteen (14) days of the Court approving the Settlement Agreement, Defendants shall pay a "gross settlement amount" in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS AND NO/100 ($250,000.00), allocated to each Plaintiff and opt-in Plaintiff in accordance with the following schedule:

| | |
|---|---|
| Fruge | $36,448.52 |
| Harris | $9,690.59 |
| Orgeron | $27,937.49 |
| Buckner | $635.00 |

---

[3] All but one opt-in Plaintiff have executed the Settlement Agreement. Patricia Fontenot is not responding to Plaintiffs' counsel. The Parties have agreed to allow Ms. Fontenot 30 days from the date of the Order Approving Settlement is signed by the Court. If she fails to comply, the Parties have agreed that any funds allocated to Ms. Fontenot will be returned to Pat O's. Upon receipt of the Order Approving Settlement, Plaintiffs' counsel will notify Ms. Fontenot of the 30-day time limit via electronic mail and voice mail.

| | |
|:---:|:---:|
| Hollins | $7,777.95 |
| Radcliffe | $9,492.31 |
| Kimball | $18,637.21 |
| Mulvey | $10,898.18 |
| Youngs | $5,048.56 |
| Bradley | $9,630.91 |
| Parker | $1,516.92 |
| Dufresne | $2,992.64 |
| Fontenot | $201.87 |
| Hall | $5,154.02 |
| Crist | $182.99 |
| Marx | $4,856.77 |
| McCord | $4,147.66 |
| Scott | $2,641.62 |
| Sunseri | $3,439.53 |
| Muller | $207.58 |
| Teachworth | $3,263.30 |

Said amounts will be paid in accordance with the terms of the Confidential Receipt, Release and Settlement Agreement.

3. In accordance with the "Notice of FLSA Lawsuit with the Opportunity to Join," that stated that attorneys' fees would consist of one-third (33.3%) of the recovery, Defendants shall pay Plaintiffs' counsel for attorneys' fees and reimbursement of

costs expended in the prosecution of this action as follows: $42,917.42 will be paid to Pechman Law Group PLLC and a Form 1099 will be issued and $42,280.95 will be paid to Michael T. Tusa, Jr. and a Form 1099 will be issued;

4. The Parties shall waive and release all claims that they had, have or may have against each other related to Plaintiffs' employment in writing as set forth in the mutually agreed Settlement Agreement and Release drafted by the Parties' counsel; and

5. Neither the payments herein nor the Order Approving Settlement shall constitute or shall heretofore be represented as any admission, finding, conclusion or judgment of any violation on behalf of Defendants or liability to Plaintiffs or opt-in Plaintiffs, or any other violation or liability whatsoever.

The Parties have had a full, informed opportunity to review and analyze the payroll and personnel data, time records, tip sheets, policies and procedures, surveillance footage and other records and make the necessary individualized calculations. Furthermore, the Parties reviewed and analyzed the defenses asserted by Defendants. While the Parties are not in agreement about all inferences that might properly be drawn from such, they are confident that continued litigation of this case would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.

Defendants deny any liability whatsoever, but the Parties recognize that these claims would require the Parties to incur substantial fees and costs to litigate to final judgment and that a "take nothing" judgment by jury trial would be uncertain. Plaintiffs and Defendants share concerns about litigation costs and the uncertainty of a favorable jury verdict. Plaintiffs believe that the amount they will receive pursuant to this settlement reflects a substantial portion of or

actually more than what they expect to recover if they were to prevail at trial. Accordingly, the Parties jointly move this Court to approve settlement of this action.

## III. APPROVAL OF THE SETTLEMENT AND ATTORNEYS' FEES IS APPROPRIATE

FLSA claims may be compromised, *inter alia*, (1) when the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor; and (2) when a district court approves the settlement. 29 U.S.C. §216(b); *Lynn's Food Stores, supra,* 679 F.2d at 1352. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. Therefore, the Parties jointly move this Court to examine their proposed settlement agreed to after arm's-length negotiations, to approve the proposed settlement as fair and reasonable, and to enter the agreed-to Approval Order.

### A. The Proposed Settlement is Reasonable.

Here, the proposed Settlement represents a fair and reasonable compromise over the issues in dispute. The proposed Settlement arises out of an action brought by the Plaintiffs and opt-in Plaintiffs against their current/former employers, which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs, opt-in Plaintiffs and Defendants were vigorously represented by counsel experienced in FLSA litigation. After sufficient formal

discovery and ample investigation and analyses, all counsel agree that settlement is in their clients' best interests. No fraud or collusion prevents the Court's approval of the proposed settlement.[4]

Under the proposed method of distribution, all Plaintiffs and opt-in Plaintiffs will receive a share of the total settlement amount after consideration of the hours previously worked. A portion of the settlement amount due to each Plaintiff and opt-in Plaintiff is designated as wages and subject to applicable income and payroll taxes and withholding. The remaining portion is designated as damages and not subject to any taxes or withholdings. As such, the proposed settlement is reasonable.

### B. The Terms of the Proposed Settlement are Fair and the Product of Arm's Length Negotiations.

The Parties agree that the instant action involves disputed issues. The Parties have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. As a consequence of their investigation and analyses, with the assistance of the Magistrate Judge, Plaintiffs' Counsel has engaged in intensive arm's length negotiations with Counsel for Defendants with a view to achieving settlement. And, after extensive negotiations, all Parties have mutually agreed on a settlement of the claims.

#### i. *Sufficient Discovery has been Conducted.*

As stated above, the Parties have conducted extensive formal discovery, independent investigations of the facts and law throughout this action, and a thorough examination of Defendants' wage and time records, tip sheets, policies and procedures and other records.

---

[4] Courts have rejected such settlements if they are not fair and if there is an indication of fraud or collusion. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (where the parties were not represented by counsel, there was no evidence that an attorney was consulted, and plaintiffs did not know they had any rights under the FLSA).

-11-

Further, counsel for Plaintiffs and Defendants have analyzed the applicable law as applied to the facts discovered regarding Plaintiffs' allegations, Defendants' defenses thereto, and the damages claimed by Plaintiffs. The agreement to settle did not occur until the Parties had exchanged said extensive documentation. Counsel for the Parties only entertained settlement possibilities after they possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation.

### ii. *Continued Litigation would be Costly, Long and Complex*

The fairness of the proposed settlement is still more clearly appreciated when considered in light of Defendants' defenses and the possibility of Plaintiffs being unable to prove liability. Although Defendants have vigorously contested the allegations in this action to date and deny that they committed any wrongful action or violation of law, they believe nonetheless that further litigation with respect to Plaintiffs would be protracted, expensive, and contrary to their best interests. The proposed Settlement is the product of serious, informed and non-collusive negotiations. Defendants have continued to deny any wrongdoing or legal liability arising out of the conduct alleged in this action. Notwithstanding, Defendants have concluded that it is desirable that this action be settled in the manner and upon the terms and conditions set forth above in order to avoid the expense, inconvenience, and burden of further legal proceedings, and the uncertainties of continued motion practice and a potential trial and appeals.

Plaintiffs' counsel recognizes the expense and length of a trial in this action against Defendants through possible appeals, which could take several years. They have also taken into account the time already invested in this case, the uncertain outcome and risk of litigation, especially in statutory actions such as this. Plaintiffs' counsel believes that the settlement confers substantial immediate benefits upon Plaintiffs. In negotiating the settlement, counsel had

the benefit of broad, independently verified information regarding the Plaintiffs' claims. Based upon their evaluation, Plaintiffs and Plaintiffs' counsel have determined that the settlement is in the best interest of Plaintiffs.

Additionally, Plaintiffs' counsel estimates that a trial of all claims would have lasted multiple days with the possibility that it could run longer depending upon the need for and length of expert testimony. The expense of such a trial and the use of judicial resources and the resources of the Parties would have been substantial. Moreover, in light of the highly contested nature of liability and damages, if any, it is likely that any judgment entered would have been the subject of post-trial motions and appeals, further prolonging the litigation and reducing the value of any recovery. Thus, a settlement is advantageous to all concerned. An appeal could seriously and adversely affect the scope of an ultimate recovery, if not the recovery itself.[5]

Settlements of disputes are favored in the law to bring finality and to conserve judicial resources. Thus, avoidance of this unnecessary expenditure of time and resources clearly benefits all Parties.

### C. The Proposed Settlement Resolves a *Bona Fide* Dispute.

Numerous matters are currently in dispute, including whether Defendants were joint employers under the FLSA, whether Plaintiffs were properly paid straight and overtime compensation, whether Defendants properly used the tip credit and whether some Plaintiffs and opt-in Plaintiffs were subjected to retaliation and whether Defendants maintained accurate records. Among other things, Defendants strongly dispute joint employer status, invalidation of the tip credit, maintenance of inaccurate records and retaliation and Plaintiffs recognize that this

---

[5] *See Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (class won a jury verdict and a motion for judgment N.O.V. was denied, but on appeal the judgment was reversed and the case dismissed); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) (reversal of multimillion dollar judgment obtained after protracted trial); *Trans World Airlines, Inc. v. Hughes*, 312 F. Supp. 478, 485 (S.D.N.Y. 1970), modified, 449 F.2d 51 (2d Cir. 1971), rev'd 409 U.S. 363, 366 (1973) ($145 million judgment overturned after years of litigation and appeals).

determination is a fact-intensive one that would be decided at trial. Counsel have vigorously represented their respective clients over these disputes. Now, for the reasons stated above, the parties desire to enter into the proposed settlement. The settlement is fair and reasonable and ends the ongoing dispute between these parties without the need for a trial.

## IV.  CONCLUSION

In sum, there has been an extensive investigation followed by lengthy, hard-fought negotiations, culminating with experienced counsel on both sides weighing the benefits and costs of the present settlement against the risks and rewards of future litigation. The settlement occurred only after the Parties were able to properly and adequately assess its fairness and consult with the Magistrate Judge assigned to this matter. As a result of the Parties' efforts, the litigation had reached the stage where "the parties certainly [had] a clear view of the strengths and weaknesses of their cases."[6]  Accordingly, for the reasons stated herein, Plaintiffs and Defendants respectfully request that the Court grant approval of the settlement and dismiss all claims with prejudice, as set forth in the proposed Approval Order, on the terms set forth in the Settlement Agreement and Release negotiated by Counsel for the Parties.

WHEREFORE, for the reasons stated above and in the Joint Motion to Approve Settlement and to Dismiss with Prejudice, Plaintiffs, Steven Fruge and Michael Harris, opt-in Plaintiffs, Ryan Orgeron, Jeffrey Buckner, Landon Hollins, Jeremy Radcliffe, Marie Kimball, Daniel Mulvey, Adam Youngs, Stephanica Bradley, Arla Parker, Jonathan Dufresne, Patricia Fontenot, Tira Hall, Brett Crist, Craig Marx, Christy McCord, Crissy Scott, Glen Sunseri, Kara Muller and Jarret Teachworth, and Defendants, Pat O'Brien's Bar, Inc. and Shelly Oechsner Waguespack, move this Court to approve the settlement of all claims and enter a dismissal of

---

[6] *Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. May 9, 2003), quoting *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir.1986).

said claims with prejudice.

Respectfully Submitted,

ADAMS AND REESE LLP

Leslie A. Lanusse (Bar No. 14115)
Lauren L. Tafaro (Bar No. 29320)
4500 One Shell Square
701 Poydras Street
New Orleans, LA 70139
Telephone:  (504) 581.3234
Facsimile:  (504) 566.0210
*Attorneys for Defendants
Pat O'Brien's Bar, Inc. and Shelly
Oechsner Waguespack*

AND

SUTTON, ALKER & RATHER, LLC

Michael Tusa / w/ permission
Michael T. Tusa, Jr. (Bar No. 02154)
4080 Lonesome Road, Suite A
Mandeville, Louisiana 70448
Telephone: (985) 727-7501
Facsimile: (985) 727-7505
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served on all known counsel of record via the U.S. mail this 21st day of January 2016.

Lauren Lopresto Tafaro